Alright Mr. O'Connor the court appreciates your willingness to accept the appointment under the Criminal Justice Act in this case and you may proceed. Thank you your honor and may it please the court and counsel. First off thanks so much for sitting with us I know it's been a long week for you guys we're at the very tail end now so it's almost over. You know the case in front of you Mr. Lyman's seems like it's broken up into two relatively concrete areas one is the merits of what we've raised on appeal and the second is the procedure and whether or not this court can really address the merits of the issue itself. The merits to me seem relatively straightforward I know that the government put in its motion that they found it to be somewhat confusing I disagree with that characterization it seems abundantly clear that the underlying offenses that were used as predicates to make Mr. Lyman be an armed career criminal were based on old law old law that was no longer right any longer in Missouri and it seemed as if there was a failing perhaps on the prosecutor's information to make it consistent and accurate with the updated nature of Missouri law. I don't think that that part is too incredibly difficult. Well why does that show that the offenses do not qualify under 924 under the definition of serious drug offense? I think the argument that I made in the alternative about whether or not they they qualify or not I think it's foreclosed at this point by Shuler and I know that the government put that in their brief I think where we stand now procedurally is simply a question of whether or not you can use faulty convictions as enhancements or as predicates for an ACCA it's so to answer your question I'm not trying to skirt it so if I'm not answering it correctly just let me know what I'm saying is if he's convicted under old law that has been updated in the state of Missouri that conviction in and of itself is an illegal conviction. Well that sounds like a collateral attack on the conviction though so how do you get around the Custis case? Yeah there's a I think truthfully the procedural ramifications of this case are tricky honestly there's a lot of procedural chasms that Mr. Lyman is going to have to walk through in order to get relief I would stand with what I said in the brief which is first I don't view it as much as a collateral attack I am aware of the case law that essentially says that the only way that we can get relief is if he does not have a lawyer he had a lawyer what I'm saying is we do this all the time we analyze predicate offenses in ACCA cases all the time and the animating principle that Custis discusses when it announces this rule is the fact that these could get into really lengthy complicated inquiries that the appellate courts don't wish the district courts to have to engage in that makes sense I mean I think that that rule makes a tremendous amount of sense it's logical and this isn't that different of a circumstance that what we are seeking to accomplish here isn't all that challenging he was convicted in 1997 using law and language from prior to 1993 so he's convicted four years after the law has changed under what I consider to be an well are you saying that you want this court to rule that the prior convictions are invalid yes and you're saying that Custis does not preclude that because Custis was concerned about complex litigation that wouldn't be required here is that the idea that's exactly right Custis creates a and the reason for the one of the motivating factors for the ruling Custis but I wonder whether it's a reason why we can allow an exception that would be my remaining question but I don't want to take up all your time no I understand where you're coming from it if I were in the court shoes reading this I think what I would see is a lot of procedural barriers to this court's desk is gonna have a case come across it like this because fundamentally the idea is a person shouldn't spend a day in jail for something that they didn't do or something that is not criminal so if he was convicted of something that was no longer criminal when he was convicted of it to me this is a special circumstance you can just look at this and say well that's an invalid conviction and it's not against the spirit of Custis it's not a collateral attack we're simply saying it doesn't qualify as an ACCA predicate because these are invalid convictions it didn't take does that make sense do we have a document I think judge Moy is a question but just real quick it's kind of a yes or no do we have a document that shows what happened at the plea hearing for these state convictions I know we have the charging documents but do we know whether he admitted knowledge at the plea hearings one way or the other we it's my memory that we don't know that all right I think judge Malloy has a question well my question was very similar is how do we know that he was charged and convicted under an old statute if we don't have a plea colloquy how do we know that even assuming we can even get to that issue assuming we can get to that issue I don't think that we know that mr. Hearst can correct me on this but what we can look at what we don't know that if we don't know that then how can we get to that issue yes certainly and I apologize for not knowing the line of cases but it's it's in the recesses of my mind I suppose but as I recall when we're looking at ACCA predicates I believe that there is language that talks about that the information or the indictment is sufficient and in this case we do have the information it is in front of us it has been filed this case it is in front of this court and the information very clearly uses reckless mens rea guidelines in its charging document to respond to the plea colloquy I don't know I don't have that answer but what I can say is and I'm fairly certain that there is a line of cases in progeny to discuss this that if we are limited or we limit our inquiry to the charging documentation that is sufficient for the court to act upon so you're referring to the Shepherd line of cases which says that the court can rely on the charging document when we're trying to figure out whether a person was convicted of offense A or B in say a statute that's divisible the issue here is a little different I think because the charging document charges to alternative mens rea and you're saying that one of them is insufficient under state law but we don't even know whether the judge in taking the plea straightened it out right required the knowledge mens rea so I guess you've already said you don't know I'm I think questioning whether the Shepherd case is really healthier yeah and thinking about the top of my head I know that it's not exactly on point and I can't imagine this is something that probably comes like I said before this court with the amount of frequency if the court would deem relief would be appropriate to go back down and look at this from an evidentiary perspective we'd be happy to do that I recognize this is a unique situation and I think that mr. Lyman does too we're simply standing for the proposition that someone shouldn't go to jail for longer on something that is clearly non-compliant with Missouri law so I think I've no one had any additional questions I'd like to reserve the remaining amount of my time very well you may thank you for your argument mr. Hurst we'll hear from you may it please the court Ben Hurst for the United States the district court sentence here was not plainly erroneous this is not a question the court even needs to reach but considering the discussion I'm going to go ahead and start with the merits start with the the collateral challenge here and I think there's a distinction that's being drawn here between the categorical approach analysis that the court often participates in with ACCA where it says well there's a prior conviction qualify as a serious drug offense does it qualify as a violent felony does it have those elements does it match up that's not what we're talking about here what we're talking about here is clearly precluded by Custis it's a question of is the prior conviction and Judge Colleton you mentioned the other feature the other reasoning behind the Custis rule one of them was ease of administration we don't want judges in district courts to have to go back and sort through plea colloquies and transcripts from trials and that sort of thing to figure out whether a you know whether there's a validity or whether the defendant had effective assistance of counsel which was the issue in Custis or those sorts of things but the other point of Custis was respect for state court judgments we want to be able to look at the judgment and say okay we're going to give this judgment finality this defendant had opportunities to challenge the issues that he's raising now with his sentence with his prior convictions in Missouri state courts either by on he could on direct appeal in Missouri you can challenge even when you plead guilty you can challenge the sufficiency of the information for certain certain under certain standard or review that we talked about in our brief and there may even be a done so in a state post-conviction review and then he obviously would have had the opportunity to raise any preserved challenges to the prior convictions and in a federal court under 2254 but that's not be the route that he's chosen here the right he's chosen is to try to challenge these convictions collaterally and should claim that they're invalid in a sentencing in a sentencing proceeding 20 years later and that's just something that Custis prohibits him from doing and there's good reasons for that which which we've discussed the the I'll say a few I'll say a few words about the about the actual convictions the I think there's maybe a disagreement we have about exactly you have a question well I wondered if you know the answer to the question that we asked mr. O'Connor do we have anything in the record about the state court week out please or judgment or anything else that would illuminate whether the judge required knowledge to enter a the answer to your question is yes and no your honor yes the judgment is in the record I'm looking at the judgment right now it's like a computer printout it was sentencing exhibit one it it's not said in recent you all may not have it and I'm happy to provide it we have that we have that but I didn't think that was the judgment is that the actual judgment in the case I read it as saying sentence and judgment that that's how I read the judge the doctor your honor but if it's not you and I have the same document so I'm not aware of another document in the case that would answer your question but you think that document you're referring to answers the question I your honor I'll be honest I don't I think I'm looking at it I don't see I can imagine with that the judge might have fixed the issue that is reported to be raised here in a plea colloquy but I don't think this document tells us whether it did or not so yeah but with respect to that and the reason I I say in my brief that it's a confusing issue I don't think this court should reach it I think it's it's it's it's an issue that even in Missouri State courts struggle with because it's not quite that the sentence or that they can the statute was just amended that's not what happened what was as I understand it the the statute of conviction the drug distribution statute has never said expressing what the mens rea requirement is for a period of time up until 1993 there was a separate statute that provided the mens rea that statute was repealed for a period of time the Missouri there's a case that we cite in our briefs called Hatton and in Hatton the court says well we're gonna look we say that 195 211 the drug distribution statute has a mens rea and we're gonna find it in two other statutes and that's in a judge Robertson that had written that opinion shortly thereafter an opinion written by another learned jurist judge Benton wrote well in a similar statute we're not gonna look at two sections in chapter 562 to fill in the blanks we're gonna find that the statute implies a mens rea both of these things took place before the the Missouri legislature did not as I read it the Missouri legislature did not add a new chapter 562 6021 the one that raises the mens rea to knowledge until after the guilty plea in this case it was it was finalized on in July it's supposedly take effect 90 days after and that 90 days like that it would have been the day after this this conviction I don't assert that I have 100% of all that the point I'm trying to make with it is that it is a very confusing area in place to talk what was the law under the two opinions that you mentioned by justice Robertson and justice Benton what was the law at the time of these prosecutions what was the mens rea under it's it's a little bit it is at least it is that the problem is that justice Robertson's opinion says that the mens rea for two doesn't say it's why it's a problem to answer your honest question it says 211 has a mens rea and it cites two statutes and the two statutes lay four different mens rea that might apply the second the judge Benton opinion it says the mens rea for a separate statute is knowingly but it's it gets there by looking at that statutes the statute dealing with trafficking brings into the state it says brings into the state implies a mens rea of knowingly and refuses to do what judge Robertson did by saying that well chapter 562 is in shambles so I'm not going to go there now I will say that drew a dissent from judge Limbaugh that says I'm actually gonna look in chapter 562 I that's why I don't want to skirt your honor's question it's a very complicated area it's exactly the kind of thing that this court shouldn't engage in 20 years later which is why Custis tells this court and the district court here hey don't do this if the judgment says judgment on it it's valid the defendant has the opportunity to go to state court and fix these problems here he might have a little trouble because he's a course served those sentences and maybe he doesn't have all the rights that he previously had for review but that's not a problem that the federal court can remedy and I think Custis makes that clear is there a new oh if you don't know what the mens rea was then assume for a moment that the mens rea was only recklessness wouldn't Lyman be able to raise the question whether a drug conviction with only a mens rea of recklessness qualifies under 924 e no I don't think he can raise that question and the reason is that 924 e the Supreme Court has told us is not concerned with comparing a generic offense of some time with a particular mens rea now you're answering the merits but he could raise the issue and Schuller has a footnote that says they don't address the question of knowledge so I don't whether it's an open question that he can raise but your honor I think that the issue would be I would address it this way it assume it assume whatever mens rea assume any mens rea that could be possible right seems true all the way up none of those is going to be a basis for relief and more importantly under under 924 e2e a2 and more importantly Custis doesn't open that I mean it's clear from Mr. O'Connor's argument that what he's saying is my convictions are invalid he's not saying that I was convicted of reckless behavior and that's because he's conceding that Schuller resolved what footnote 3 of Schuller says we aren't resolved and so if he accepts that the convictions are valid and doesn't try to get around Custis I'm saying what about the argument that a recklessness crime is insufficient under 924 e the issue left open in Schuller as I understand your honor's question I guess I can't I can't give you an answer further than to say well the if what we're talking about here is does the does that statute which is the statute self hasn't been amended involve the conduct that's discussed in Schuller the answer is yes the statute involves the conduct distribution manufacturer or possession with intent to distribute or manufacture yeah I think that's the 11th circuits answer in a case called Smith but I just question whether Schuller really resolves it I'll be honest up until the point you're honored pose that question to me I I think that question but but I acknowledge that I well take a look at footnote 3 in Schuller see if you still feel that way but thank you for your argument I think your time has expired I see that your honor thank you very much only that support you Mr. O'Connor we'll hear from you in rebuttal thanks very much just one thing I want to clarify in terms of the line of cases that the government cited to Carson Hatton etc they all come to the same conclusion that it's knowledge it's not reckless it's knowledge now how they come to that determination is fascinating and judge Benton's opinions interesting read but the truth is they all see it as knowledge not reckless so the way that they got there may be different but they all agree that that is what the mens rea is I think that's all I have if the court has any other questions I'd be happy to answer them all right hearing none we thank you for your argument the case is submitted and the court will file an opinion in due course